**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ALISHAN GAZIEV, and<br>ESMERAI MIRZAEVA<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH EDLOW, Director, U.S. Citizenship and Immigration Services,<br><br>Defendant. | Case No. 3:26-cv-00326<br><br>**COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT AND PETITION FOR WRIT OF MANDAMUS**<br><br>No jury demand. |

## COMPLAINT

Plaintiffs Alishan Gaziev and Esmerai Mirzaeva, through undersigned counsel, allege as follows:

### NATURE OF THE ACTION

1. This civil action seeks a narrow remedy: an order requiring United States Citizenship and Immigration Services ("USCIS") to issue final written decisions on a Form I-130 spousal petition and a related Form I-485 adjustment application that have remained pending after filing, interview, and a response to additional evidence. Plaintiffs do not ask this Court to approve either filing or to dictate any substantive outcome.

2. Plaintiff Esmerai Mirzaeva, a naturalized United States citizen, filed Form I-130, Petition for Alien Relative, for her husband, Plaintiff Alishan Gaziev, on December 13, 2024. USCIS assigned receipt number IOE0929118367.

3. Alishan filed Form I-485, Application to Register Permanent Residence or Adjust Status, on the same date. USCIS assigned receipt number IOE0929118366.

4. The couple appeared together for a USCIS marriage interview at the Cincinnati Field Office on June 12, 2025. They answered USCIS's questions and supplied substantial

evidence of their bona fide marriage. After USCIS requested additional evidence, Plaintiffs submitted a response on or about March 27, 2026.

5. As of September 1, 2026, USCIS had issued no final written decision on either filing. The matters had then been pending for more than 20 months, for more than 14 months after the interview, and for more than five months after Plaintiffs' response to the request for evidence.

6. The delay is especially consequential because Alishan is in removal proceedings and the Department of Homeland Security ("DHS") classified him as an arriving alien. Under the governing regulations, USCIS - not the immigration judge - has jurisdiction over his Form I-485 on the present record.

7. Alishan's removal proceedings remain active. His counsel, Albert Valk, who also represents both Plaintiffs before USCIS, obtained a continuance of the then-scheduled late-August individual hearing. The Immigration Judge reset the matter for a master calendar hearing on September 10, 2026.

8. Plaintiffs repeatedly sought agency action through case-status inquiries and written expedite requests. They also sought assistance from U.S. Senator Bernie Moreno's office, and Esmerai personally went to the USCIS Cincinnati Field Office and spoke with a supervisor concerning the continued lack of a decision. On June 23, 2026, USCIS advised that the applications remained in "continued adjudication" and that another inquiry could not be submitted until approximately August 30, 2026. When counsel called USCIS on August 31, 2026, USCIS still had not acted; instead, a representative advised that the inquiry date for Alishan's Form I-485 had moved to March 23, 2027 and that the computer system would not permit creation of a service request at that time.

9. Plaintiffs therefore seek relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 702, and 706(1), and, in the alternative, a writ of mandamus under 28 U.S.C. § 1361 compelling decisions within a reasonable and definite period.

## PARTIES

10. Plaintiff Esmerai Mirzaeva is a naturalized citizen of the United States. She resides in Dayton, Montgomery County, Ohio. She is the petitioner on Form I-130 receipt number IOE0929118367 and Alishan's wife.

11. Plaintiff Alishan Gaziev is a native and citizen of the Russian Federation. He resides with Esmerai in Dayton, Montgomery County, Ohio. He is the beneficiary of Esmerai's Form I-130 and the applicant on Form I-485 receipt number IOE0929118366. His alien registration number is A 240-269-335.

12. Defendant Joseph B. Edlow is sued only in his official capacity as Director of USCIS, which is part of the DHS. As Director, he is responsible for the administration of USCIS and for ensuring that the agency performs duties imposed by law. USCIS accepted the pending Forms I-130 and I-485, conducted the couple's interview through its Cincinnati Field Office, requested additional evidence, and retains responsibility for issuing written decisions.

## JURISDICTION AND VENUE

13. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the APA and federal immigration regulations.

14. The APA waives sovereign immunity for this action seeking relief other than money damages. 5 U.S.C. § 702. It directs reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

15. This Court also has jurisdiction under 28 U.S.C. § 1361 to compel an officer or employee of the United States or an agency thereof to perform a duty owed to Plaintiffs.

16. The Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

17. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(C) because Plaintiffs reside in this District and no real property is involved in this action. Assignment to the Western Division at Dayton is proper because Plaintiffs reside in Montgomery County.

18. Plaintiffs have pursued available USCIS inquiry and expedite channels. No statute provides an administrative appeal from USCIS's failure to decide, and continued waiting is not an adequate remedy in light of the pending removal proceeding and USCIS's exclusive adjudicatory role.

## FACTUAL ALLEGATIONS

### *A. Alishan's arrival, removal proceedings, and USCIS jurisdiction*

19. On or about April 1, 2022, Alishan presented himself at the Otay Mesa Port of Entry in California and sought admission to the United States.

20. DHS issued a Notice to Appear dated April 15, 2022. On that charging document, DHS expressly checked the box stating, "You are an arriving alien," and placed Alishan in removal proceedings.

21. Alishan's removal case is pending before the Executive Office for Immigration Review in the Cleveland Immigration Court. He is not detained.

22. For an arriving alien in removal proceedings, an immigration judge generally "does not have jurisdiction to adjudicate any application for adjustment of status" except in a narrow circumstance not reflected in the present record. 8 C.F.R. § 1245.2(a)(1)(ii).

23. USCIS therefore retains jurisdiction over Alishan's Form I-485 under 8 C.F.R. § 245.2(a)(1). The immigration judge cannot grant the family-based adjustment relief that Alishan seeks from USCIS on the present record.

24. Alishan's counsel, Albert Valk, sought a continuance of the removal proceedings because USCIS had not adjudicated the pending applications. The Immigration Judge granted the continuance and reset the previously scheduled late-August individual hearing to a master calendar hearing on September 10, 2026. As of September 1, 2026, the removal proceeding remained active.

***B. Plaintiffs' marriage and evidence of bona fides***

25. Esmerai and Alishan married in Dayton, Ohio on August 20, 2024. Their marriage was recorded by the Montgomery County Probate Court.

26. Their marriage is genuine. They established a shared household, combined aspects of their finances, filed a joint federal income-tax return, participated together in family and community events, and have built their life as spouses.

27. Because the marriage occurred while Alishan was in removal proceedings, Plaintiffs supplied evidence directed to the heightened bona fide marriage standard, including their marriage certificate, joint lease and residence evidence, identification documents reflecting shared addresses, joint bank records, their joint 2025 tax return, affidavits from relatives and friends with personal knowledge of the relationship, and family photographs. See 8 C.F.R. § 204.2(a)(1)(iii).

28. Esmerai had become a United States citizen through naturalization before the marriage-based filings. Alishan is therefore the spouse of a United States citizen and an immediate-

relative beneficiary for whom an immigrant visa is immediately available, subject to satisfaction of all other legal requirements.

***C. Filing, interview, additional evidence, and agency inaction***

29. On December 13, 2024, USCIS received Esmerai's Form I-130 for Alishan and assigned receipt number IOE0929118367.

30. On the same date, USCIS received Alishan's Form I-485 and assigned receipt number IOE0929118366. The application identifies his status as an arriving alien and seeks adjustment as the immediate relative of a United States citizen.

31. USCIS regulations require written decisions. For the Form I-130 filed during proceedings, "[t]he petitioner shall be notified in writing of the decision of the director." 8 C.F.R. § 204.2(a)(1)(iii)(C). For the Form I-485, "[t]he applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2(a)(5)(i).

32. USCIS issued an interview notice dated May 5, 2025 and scheduled Plaintiffs to appear at the Cincinnati Field Office on June 12, 2025.

33. Plaintiffs appeared as directed on June 12, 2025 and answered the interviewing officer's questions.

34. Plaintiffs presented extensive evidence of their shared residence, finances, family life, and good-faith marriage at the interview and in subsequent submissions.

35. USCIS did not decide either filing at or after the interview.

36. USCIS later requested additional evidence. Plaintiffs submitted the requested materials on or about March 27, 2026.

37. As of September 1, 2026, Plaintiffs had received no approval, denial, notice of intent to deny, or other final written decision on either filing.

38. Plaintiffs pursued written expedite requests in approximately March and May 2026 and made repeated case-status inquiries, explaining the pending removal proceeding and the approaching immigration-court hearing. Their efforts were not limited to ordinary USCIS customer-service channels. They sought assistance from U.S. Senator Bernie Moreno's office, and Esmerai personally went to the USCIS Cincinnati Field Office and spoke with a supervisor concerning the unresolved Forms I-130 and I-485.

39. USCIS advised that an outside-normal-processing-time inquiry could be made on or after approximately June 20, 2026. A further inquiry was made on June 23, 2026. USCIS then advised that the applications remained in "continued adjudication," provided no decision date, and stated that another inquiry could not be submitted until approximately August 30, 2026. On August 31, 2026, after USCIS still had not issued a final decision, counsel called USCIS regarding Alishan's Form I-485. A USCIS representative advised that the inquiry date had moved to March 23, 2027, that the computer system would not permit creation of a service request, and that USCIS was then responding to applications filed before May 23, 2024.

40. A USCIS processing-time page printed on September 1, 2026 states that, at this time, 80 percent of family-based Forms I-485 at the Cincinnati Field Office are completed within 13.5 months. Alishan's application had already been pending for more than 20 months and had been interviewed more than a year earlier.

41. As of September 1, 2026, both filings had been pending for 627 days. The interview had occurred 446 days earlier, and 158 days had elapsed after the response to additional

evidence. Plaintiffs remain without a decision or a definite adjudication date; USCIS has instead advised that the next inquiry date for the Form I-485 is March 23, 2027.

***D. Concrete prejudice from continued delay***

42. USCIS's delay has consequences beyond ordinary uncertainty. Because Alishan is an arriving alien in removal proceedings, the immigration judge cannot adjudicate the pending Form I-485 on the present record. Only USCIS can provide the agency decision necessary to resolve that application.

43. The unresolved Forms I-130 and I-485 complicate Alishan's ability to present and obtain appropriate relief in the removal proceeding, increase the couple's legal expenses, and place their family life under a continuing threat of forced separation. The Immigration Judge has continued the prior individual hearing and reset the matter for a master calendar hearing on September 10, 2026. Counsel has stated that, if proof of this mandamus filing is available before that hearing, he intends to file it in the removal proceedings.

44. Alishan is a principal source of financial support for the household. Esmerai relies on his income to maintain housing and meet ordinary expenses, as well as on his day-to-day emotional support and stability.

45. The prolonged uncertainty has caused Plaintiffs fear, anxiety, sleeplessness, and emotional strain. Esmerai has reported that the prospect of losing the family's financial and emotional stability is affecting her health.

46. Plaintiffs do not ask this Court to grant an immigration benefit or to substitute its judgment for USCIS. They ask only for the written decisions that federal law and regulations require USCIS to make within a reasonable time.

47. USCIS's Policy Manual recognizes the need to coordinate timely adjudication of applications and petitions for persons in removal proceedings. When ICE gives USCIS notice and the required files, the agency states that it attempts to decide matters for non-detained persons within 45 days and before the scheduled hearing where possible. Plaintiffs do not allege without proof that the formal 45-day coordination period was triggered here; the policy nevertheless confirms that removal-related delay implicates distinct agency and human-welfare concerns. See 1 USCIS Policy Manual E.3.

**COUNT I**
***APA - Unreasonable Delay of Esmerai's Form I-130***

48. Plaintiffs reallege Paragraphs 1 through 47 as if fully set forth here.

49. USCIS has a discrete, mandatory duty to issue a written decision on Esmerai's Form I-130. 8 C.F.R. § 204.2(a)(1)(iii)(C). The duty is to decide, not to reach any particular result.

50. The APA requires an agency to proceed to conclude a matter presented to it "within a reasonable time." 5 U.S.C. § 555(b). It authorizes this Court to compel agency action unreasonably delayed. 5 U.S.C. § 706(1).

51. A regulation requiring a decision can supply the discrete, legally required action necessary for a § 706(1) claim. *Barrios Garcia v. U.S. Department of Homeland Security*, 25 F.4th 430, 445-46 (6th Cir. 2022); *see Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62-64 (2004).

52. Courts assess delay using the fact-dependent factors set out in Telecommunications *Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984), including the agency's rule of reason, any congressional timetable, the effect of delay on human health and welfare, competing agency priorities, prejudice to the affected persons, and the principle that bad faith is not required. *Barrios Garcia*, 25 F.4th at 451-53.

53. Those considerations favor relief here. The Form I-130 has remained pending for more than 20 months, more than 14 months after the completed marriage interview, and more than five months after Plaintiffs responded to USCIS's request for additional evidence. Despite repeated inquiries, expedite requests, congressional assistance, and an in-person inquiry at the Cincinnati Field Office, USCIS has issued neither a final decision nor a definite adjudication date.

54. Congress has expressed the view that adjudication of an immigration benefit application should be completed within 180 days after initial filing. 8 U.S.C. § 1571(b). Although that provision does not create an inflexible deadline, it informs the rule-of-reason analysis. *Barrios Garcia*, 25 F.4th at 452.

55. The delay concerns family unity and human welfare, not merely economic regulation. It also prejudices Plaintiffs in an active removal proceeding presently set for a September 10, 2026 master calendar hearing, in which USCIS's decisions are consequential and time-sensitive.

56. The requested relief is limited to a decision on a petition that has already been interviewed and supplemented. Plaintiffs do not seek a merits directive, and a finding of unreasonable delay does not require proof of bad faith.

57. USCIS's failure to issue a written decision on the Form I-130 within a reasonable time violates 5 U.S.C. §§ 555(b) and 706(1).

## COUNT II
### *APA - Unreasonable Delay of Alishan's Form I-485*

58. Plaintiffs reallege Paragraphs 1 through 57 as if fully set forth here.

59. USCIS has a discrete duty to decide Alishan's Form I-485 and notify him of that decision. 8 C.F.R. § 245.2(a)(5)(i). USCIS also has jurisdiction over the application because Alishan

is an arriving alien and the immigration judge lacks jurisdiction on the present record. 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1)(ii).

60. This claim does not seek review of a discretionary judgment, an order approving adjustment, or judicial reconsideration of the merits. It seeks only performance of the antecedent duty to make and communicate a decision.

61. The Form I-485 has been pending for 627 days, including more than 14 months after interview and more than five months after the response to additional evidence. USCIS's September 1, 2026 Cincinnati processing-time page states that 80 percent of family-based Forms I-485 at the Cincinnati Field Office are completed within 13.5 months. Yet on August 31, 2026, USCIS advised counsel that the next inquiry date had moved to March 23, 2027 and that its system would not permit creation of a service request.

62. USCIS's failure to issue a written decision on the Form I-485 within a reasonable time violates 5 U.S.C. §§ 555(b) and 706(1).

**COUNT III**
***Mandamus in the Alternative - 28 U.S.C. § 1361***

63. Plaintiffs reallege Paragraphs 1 through 62 as if fully set forth here.

64. Plaintiffs have a clear right to final written decisions on the pending filings within a reasonable time; Defendant has corresponding duties to decide and provide notice; and Plaintiffs have no adequate alternative remedy for indefinite agency inaction.

65. To the extent relief is not available under the APA, the Court should issue mandamus compelling Defendant to perform the required adjudicatory acts while leaving the substance of each decision entirely to USCIS.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Take and retain jurisdiction as necessary to ensure compliance with the Court's orders;

B. Declare that Defendant has unreasonably delayed final written decisions on the pending Form I-130 and Form I-485;

C. Order Defendant to issue final written decisions on Form I-130 receipt number IOE0929118367 and Form I-485 receipt number IOE0929118366 within 30 calendar days after the Court's order, or within another definite period the Court finds just;

D. Award Plaintiffs their reasonable costs and attorney's fees to the extent authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable law; and

E. Grant any further relief the Court deems just and proper.

Dated: September 1, 2026

Respectfully submitted,

*/s/ Anna A. Korneeva*
ANNA A. KORNEEVA
Ohio Bar No. 0098378
**THE LAW FIRM OF ANNA KORNEEVA, LLC**
810 Sycamore Street, Third Floor
Cincinnati, Ohio 45202
Direct Telephone: (513) 338-1860
Email: anna@annakorneevalaw.com
*Counsel for Plaintiffs*